**Robert Eric BROWN, Appellant**
**(Plaintiff below),**

v.

**William A. RINER, Administrator of the**
**Estate of Daniel D. Rothfuss, Appel-**
**lee (Defendant below).**

**No. 4050.**

Supreme Court of Wyoming.

May 10, 1972.

mitted there would be full compliance with all rules and requirements;

 Now, therefore, although no court is justified in permitting an appearance before it by persons outside its jurisdiction and control or unaccountable for acts committed in processes before that court, the violation of the rule in this instance appears to have been unintentional, with full compliance now assured; and therefore,

It is ordered that the appeal in the above-entitled case be and it is hereby reinstated.

Harden & Napheys, Fort Collins, Colo., Bard Ferrall, Cheyenne, for appellant.

W. A. Swainson, Cheyenne, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN and GUTHRIE, JJ.

## ORDER

BY THE COURT.

Brief for appellant in the above-entitled cause having been presented and appearance for oral argument made by persons unauthorized to practice law in Wyoming contrary to the provisions of Rule 19, Amended Rules for the Organization and Government of the Bar Association of the Attorneys at Law of the State of Wyoming, the appeal was dismissed by the court; subsequently petition for reinstatement in due conformity with Rule 19, Rules of the Supreme Court of Wyoming, being filed and authorized counsel representing that the previous filing and appearance had been made inadvertently and without intention to avoid the jurisdiction or control of the court and counsel giving full assurance that should the reinstatement be per-